COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE Sorokin

05 10930 NMG

**CAROL STASZEWSKI**
Plaintiff

v.

**WELLESLEY COLLEGE**
Defendant

RECEIPT # 63990
AMOUNT $ 250
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5/5/05

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.      This is an action under 42 U.S.C. §12101 and 42 U.S.C. § 2000e for unlawful discrimination in employment based upon disability and perceived disability, failure to accommodate a disability, and illegal retaliation for complaining about discrimination due to a disability and perceived disability. The action is brought by Plaintiff Carol Staszewski, a female who suffers from depression and post-traumatic stress disorder. Until approximately September 2000, Ms. Staszewski had been employed by Wellesley College ("Wellesley"), which is where she was employed when the illegal practices occurred. Ms. Staszewski worked for Wellesley College in Wellesley, Norfolk County, Massachusetts. In September 2000, Ms. Staszewski was compelled and coerced into resigning from her job, although this occurred shortly after she had been informed by Wellesley that her employment was being terminated.

1

The termination of Ms. Staszewski's employment, both as to her being compelled and coerced into resigning as well as Wellesley's actions in terminating her employment, were based upon Defendant's illegal actions due to discrimination against Plaintiff because of a real or a perceived disability.

**JURISDICTION AND VENUE**

2. Jurisdiction over this matter lies in this Court pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1343.

3. Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Wellesley, Norfolk County, Massachusetts. On information and belief, the employment records related to Plaintiff's employment with Defendant are also located within Wellesley, Norfolk County, Massachusetts.

4. On February 28, 2001, Ms. Staszewski filed a timely Charge of Discrimination on the basis of disability with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission.

5. On February 7, 2005, the U.S. Equal Employment Opportunity Commission issued a Right to Sue letter to Plaintiff. That Right to Sue letter was sent by the Equal Employment Opportunity Commission on February 8, 2005, and was received by Plaintiff on or after February 9, 2005. The Right to Sue letter is appended to this Complaint as Attachment A. Ms. Staszewski has exhausted her administrative remedies and has timely invoked the jurisdiction of this Court.

## THE PARTIES

6. Plaintiff Carol Staszewski is a resident of Jamaica Plain, Suffolk County, Massachusetts.

7. Defendant Wellesley College is a University located in Wellesley, Norfolk County, Massachusetts. Wellesley is the entity by which Plaintiff was employed at all times relevant to this Complaint. Wellesley is a Massachusetts corporation with a principal place of business in Wellesley, Norfolk County, Massachusetts.

8. At all times relevant to this Complaint, Wellesley was an employer within the meaning of 42 U.S.C. §2000e, was engaged in an industry effecting commerce within the meaning of 42 U.S.C. §2000e, and in all other respects met all of the requirements for coverage under 42 U.S.C. §2000e.

9. At all times relevant to this Complaint, Ms. Staszewski performed her job in a satisfactory manner. At all times relevant to this Complaint, Ms. Staszewski has been a qualified handicapped person, a qualified person with a disability, and has had a disability, as those terms are defined in the Americans with Disabilities Act. Ms. Staszewski has a record of having a disability, and was perceived by Defendant as having a disability.

**FACTUAL BACKGROUND**

10. Plaintiff began her employment as a staff member at a program operated and managed by Wellesley, called "Reach Out to Schools: Social Competency Program." Initially, Plaintiff was employed on a part-time basis, and later (as of the time of her termination) on a full-time basis. At the time her employment was terminated, Plaintiff was employed by Wellesley as a full-time educational trainer. Plaintiff began her employment with Wellesley in August of 1996. The program in which she worked has been described as a "comprehensive multi-year social and emotional learning program for elementary school children, their teachers, principals and parents."

11. In the spring of 2000, Plaintiff disclosed to the director of her program at Wellesley that she suffered from a disability. Specifically, Plaintiff informed the director of her program at Wellesley (who was one of Plaintiff's supervisors and managers) that she suffered from depression. During the course of this discussion, Ms. Staszewski requested certain reasonable accommodations be made to her disability to enable her to better perform her job.

12. Following Ms. Staszewski's disclosure of her having a disability, her working conditions changed for the worse. Rather than receiving the accommodations she requested, the work environment in which she was employed became hostile, difficult and highly negative. The increasingly hostile and negative treatment Ms. Staszewski was experiencing on the job resulted in an exacerbation of her depression and her post

traumatic stress disorder symptoms, which made it even more difficult for her to perform her job, although she continued to do so.

13. Among the ways in which Ms. Staszewski's work environment changed after she disclosed that she was suffering from a disability, were the following:

[a] Plaintiff did not receive the reasonable accommodations that she had requested.

[b] Plaintiff's supervisors and managers changed their attitude toward Plaintiff, and began to exhibit a hostile and negative attitude toward her.

[c] The work atmosphere in which Plaintiff was employed became punitive and more stringent than it had previously been.

[d] Ms. Staszewski was criticized for symptoms related to her illness.

[e] Ms. Staszewski was told by her supervisors and/or managers that they did not want negative people on the project, that Ms. Staszewski should think seriously about continuing to work at Wellesley if her body language or comments were not going to be positive, and that Ms. Staszewski gave off a negative feeling.

[f] Ms. Staszewski's supervisors and/or managers indicated that they felt Ms. Staszewski did not want to work at Wellesley and that they thought her behavior was "willful."

[g]     Ms. Staszewski was monitored by office staff without her knowledge which had not been done previously.

[h]     Ms. Staszewski was called by her supervisors and/or managers on her home phone rather than on her work phone.

[i]     Ms. Staszewski was yelled at for alleged mistakes.

[j]     Ms. Staszewski was treated differently and less favorably than her peers regarding issues having to do with work hours and timeliness, requests for time-off, and requests and procedures for changes in scheduled training days.

[k]     Ms. Staszewski was criticized for difficulties she had which were related to her illness, such as not being able to drive or maintain a car, and for asking for assistance with aspects of her job which were not central to the work she performed but which had become difficult for her (such as accounting tasks around travel and time-keeping). When Ms. Staszewski asked for help or support with these tasks, her requests were denied.

[l]     Ms. Staszewski received a performance evaluation which was extremely different than the one she had received the previous year, which was not in keeping with the verbal feedback she had been receiving throughout the year, and which was negative. The negative performance review contained inaccurate and unfair statements regarding her performance. Despite having received the highest possible salary increase the prior year, Ms. Staszewski received the lowest possible salary increase in 2000.

14. As the harassing and hostile atmosphere toward her continued, and as working conditions grew worse, Plaintiff became more depressed, sick and exhausted. She sought help from the Human Resources Department at Wellesley as well as from the Employee Assistance Program. During this time period, in addition to continuing the harassing and hostile atmosphere under which Plaintiff had to work, Plaintiff's supervisors and managers declined to make or negotiate reasonable and effective accommodations for her, rejected assistance from the Employee Assistance Program and the Disabilities Office, and did not provide needed education, training or coaching for Plaintiff.

15. During a phone conversation in the summer of 2000 with her supervisor, Plaintiff informed the supervisor of her efforts to deal with her disability, of her failing health, and informed the supervisor that she would be willing to discuss taking medical leave so that she could recover from what was beginning to be a major relapse in her functioning due to her depression and post-traumatic stress disorder. On or about August 28, 2000, Ms. Staszewski requested that she be granted a probationary period to deal with and correct any concerns Wellesley had about her work performance. However, rather than engaging in a dialog with Plaintiff in good faith to determine what if any reasonable accommodation Plaintiff required and/or was entitled to, Wellesley informed Ms. Staszewski that her employment was going to be terminated. Ms. Staszewski was given three (3) options: resigning, taking medical leave (after which she was told she would be terminated) or immediate termination.

16. Plaintiff's proposal for reasonable accommodations, for assistance from the Employee Assistance Program, and/or for a probationary period were rejected. Had the accommodations Ms. Staszewski requested been granted to her, she would have been able to perform the essential functions of her job. On September 1, 2000, Ms. Staszewski was informed that her employment with Wellesley was being terminated. However, despite the fact that her employment was terminated, Ms. Staszewski was also told that if she wanted to, Wellesley would treat her termination of employment as a resignation. On or about September 12, 2000, Ms. Staszewski left a voicemail message for Wellesley indicating that she wanted to resign from her position, as had been proposed to her. Ms. Staszewski was offering to resign because she had been compelled and coerced into submitting her resignation under threat of termination. After Wellesley received this voicemail, Ms. Staszewski and Wellesley attempted for approximately two (2) months to negotiate a Separation Agreement. No agreement was reached and a result, on or about November 30, 2000, Ms. Staszewski with Wellesley was terminated effective September 14, 2000.

17. Defendant's unfair and discriminatory treatment of Ms. Staszewski was due to its animus against people with mental disabilities such as depression and post-traumatic stress disorder.

18. Defendant's unfair and discriminatory actions toward Plaintiff were due to Defendant's belief that Plaintiff suffered from a disability which would prevent her from doing her job or performing the essential elements of her job.

19. Defendant's unfair and discriminatory actions toward Plaintiff amounted to retaliation against Plaintiff for having requested a reasonable accommodation to her disabilities.

20. Ms. Staszewski was compelled and coerced into resigning from her employment with Wellesley due to the harassment, discrimination and unfair treatment she had been and was being subjected to due to her disabilities/perceived disabilities.

21. Ms. Staszewski was subjected to unfair treatment, discriminatory treatment and harassment by Wellesley supervisors and managers since approximately the spring of 2000, due to her disabilities, in particular due to her depression and post-traumatic stress disorder. The actions she was subjected to placed Ms. Staszewski in a harassing work environment which seriously interfered with her ability to perform her job as well as she would have otherwise.

22. Defendant's actions toward Ms. Staszewski, both the harassment and the unfair treatment, the retaliation, the failure to stop the harassment and unfair treatment, the failure to make a reasonable accommodation to Ms. Staszewski's disabilities, and placing Ms. Staszewski in a position where she was compelled to resign from her job due to the harassment and the unfair treatment, all due to her disabilities and/or perceived disabilities, were in violation of 42 U.S.C. §2000e and 42 U.S.C. §12101 et seq. (the Americans with Disabilities Act).

23. The actions of Defendant toward Ms. Staszewski as discussed above constitute intentional harassment, retaliation and discrimination against her on the basis of disabilities and/or perceived disabilities, failure to stop harassment and discrimination, failure to accommodate a disability, and illegal retaliation. The actions of Defendant toward Ms. Staszewski were intentional, knowing and willful, in violation of 42 U.S.C. §2000e and 42 U.S.C. §12101 et seq.

24. As a result of the illegal actions taken against her by Defendant, Ms. Staszewski has suffered and will continue to suffer much financial harm, as well as emotional pain and suffering. Wellesley is responsible for all of the illegal actions taken against Ms. Staszewski by her supervisors and managers. Ms. Staszewski has been harassed, discriminated against, and coerced, compelled and forced to resign her job, and retaliated against by Defendant because of her real or perceived disabilities and for complaining about those discriminatory employment practices committed by Defendant and for requesting an accommodation to her disabilities.

25. The actions of harassment of Ms. Staszewski by Defendant were severe and pervasive, created an objectively hostile and abusive work environment, which interfered with Ms. Staszewski's ability to do her job and made it impossible for Ms. Staszewski to do her job. Ms. Staszewski perceived and considered these actions to be abusive, hostile and offensive, she did not consent to them, and they altered the conditions of her employment.

## COUNT I

### AGAINST DEFENDANT WELLESLEY FOR DISCRIMINATION ON THE BASIS OF A REAL OR PERCEIVED DISABILITY, FOR CREATING A HARASSING WORK ENVIRONMENT, FOR RETALIATION AND FOR FAILING TO ACCOMMODATE A DISABILITY IN VIOLATION OF 42 U.S.C. § 2000e ET SEQ. AND 42 U.S.C. §12101 ET SEQ.

26.  Plaintiff restates and incorporates by reference as if fully stated herein ¶¶1-25 above.

27.  By its actions set forth above, Defendant Wellesley has engaged in discrimination against Ms. Staszewski on the basis of a real or perceived disability, has failed to accommodate Ms. Staszewski's disabilities, has forced Ms. Staszewski to undergo and suffer a hostile and harassing work environment on the basis of a real or perceived disability, and has engaged in unlawful retaliation against Ms. Staszewski for having exercised her protected rights by requesting a reasonable accommodation to her disabilities, all in violation of 42 U.S.C. §2000e et seq. and 42 U.S.C. §12101 et seq.

**WHEREFORE,** the Plaintiff demands that this Court enter Judgment in her favor and against Defendant Wellesley, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, lost future earning capacity, punitive damages, emotional pain and suffering, interest, costs, attorney's fees, that this Court order Plaintiff reinstated to her former position with Wellesley, and such other relief that this Court finds to be just and proper.

12

## JURY TRIAL DEMAND

**Plaintiff demands a trial by jury as to all Counts and issues so triable.**

Respectfully submitted,

CAROL STASZEWSKI
By her attorney,

_____
Mitchell J. Notis, BBO # 374360
370 Washington Street
Brookline, MA  02445
Tel.: 617-566-2700

DATED: 5/5/05

EEOC Form 161 (3/98)            **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Carol Staszewski<br>11 Perkins Square, Apt. 9<br>Jamaica Plain, MA 02130 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2001-01048 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

| | On behalf of the Commission | FEB - 7 2005 |
|---|---|---|
| Enclosure(s) | *[signature]*<br>Robert L. Sanders,<br>Area Office Director | *(Date Mailed)* |

cc: WELLESLEY COLLEGE
106 Centeral Street
Wellesley, MA 02481

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
BOSTON AREA OFFICE
JOHN F. KENNEDY FEDERAL OFFICE BUILDING
GOVERNMENT CENTER, ROOM 475
BOSTON, MA 02203

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



