UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL STASZEWSKI,<br><br>Plaintiff,<br><br>v.<br><br>WELLESLEY COLLEGE,<br><br>Defendant. | Civil Action No. 05-10930 NMG |

## ANSWER OF DEFENDANT WELLESLEY COLLEGE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Wellesley College ("Wellesley" or "Defendant") answers the numbered paragraphs of the First Amended Complaint of Plaintiff Carol Staszewski ("Staszewski" or "Plaintiff") as set forth below.

### INTRODUCTION

1.   Defendant admits that Staszewski was employed by Wellesley until September 14, 2000 and that Wellesley is located in Norfolk County, Massachusetts. Defendant leaves Plaintiff to her proof with respect to her allegations that she suffers from depression and post-traumatic stress disorder. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

### JURISDICTION AND VENUE

2.   This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

3. Defendant admits that the employment records related to Plaintiff's employment with Defendant are located within Wellesley, Norfolk County, Massachusetts. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

4. Defendant admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission. Defendant leaves Plaintiff to her proof with respect to the date and timeliness of filing of her Charge of Discrimination.

5. Defendant admits that the U.S. Equal Opportunity Commission issued a letter bearing a date of February 7, 2005, and states further than the content of the letter speaks for itself. Defendant leaves Plaintiff to her proof as to the date the letter was sent and received. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

## THE PARTIES

6. Upon information and belief, Defendant admits that Plaintiff is a resident of Jamaica Plain, Suffolk County, Massachusetts.

7. Defendant admits that Plaintiff was employed by Wellesley. Defendant admits that Wellesley is a Massachusetts not for profit corporation with a principal place of business in Wellesley, Norfolk County, Massachusetts. Defendant denies the remainder of the allegations in this paragraph.

8. This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

9. Denied.

## FACTUAL BACKGROUND

10.     Defendant admits that Plaintiff began her employment with Wellesley in August 1996 as a staff member at Reach Out to Schools: Social Competency Program, a program operated and managed by Wellesley. Defendant admits that Plaintiff began her employment on a part-time basis. Defendant admits that the program has been described as "a comprehensive multi-year social and emotional learning program for elementary school children, their teachers, principals, and parents." Defendant denies the remainder of the allegations set forth in this paragraph.

11.     Defendant admits that Plaintiff disclosed to the director of her program at Wellesley that was depressed. Defendant denies the remainder of the allegations set forth in this paragraph.

12.     Denied.

13.     Denied.

     (a)     Denied.

     (b)     Denied.

     (c)     Denied.

     (d)     Denied.

     (e)     Denied.

     (f)     Denied.

     (g)     Denied.

     (h)     Defendant admits that Plaintiff was called by her supervisors and/or managers on her home phone on limited occasions during the time she worked from home. Defendant denies the remaining allegations in this paragraph. In further answering, Defendant

states that Plaintiff failed to reliably check her e-mail and voicemail when she worked from home, which resulted in Defendant having to call Plaintiff on her home phone.

    (i)    Denied.

    (j)    Denied.

    (k)    Denied.

    (l)    Denied.

14. Defendant leaves Plaintiff to her proof with respect to her allegation that she sought help from the Employee Assistance Program. Defendant denies the remainder of the allegations set forth in this paragraph.

15. Defendant admits that on or about August 28, 2000, Plaintiff requested that she be granted a probationary period to deal with and correct concerns Wellesley had about her work performance. Defendant admits that, as an alternative to involuntary termination, it offered Plaintiff the options of resigning or ending her employment with medical leave. In further answering, Defendant states that it offered Plaintiff the option of taking medical leave prior to her termination so that Plaintiff could continue to receive benefits during the leave period. Defendant denies the remainder of the allegations set forth in this paragraph.

16. Defendant admits that Plaintiff's request for a probationary period was denied. Defendant admits that Plaintiff was informed her employment was terminated on September 1, 2000. Defendant admits that it offered to Plaintiff the option of treating the termination as a resignation. Defendant admits that on or about September 12, 2000, Plaintiff left a voicemail message for Defendant indicating that she wanted to resign from her position. Defendant admits that after Defendant received this voicemail, Plaintiff and Defendant attempted to negotiate a separation agreement during the (approximate) following two months. Defendant admits that no

agreement was reached. Defendant admits that, on or about November 30, 2000, Plaintiff's employment with Defendant was terminated effective September 14, 2000. The remainder of this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in this paragraph.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## Count I

26. Defendant repeats and incorporates by reference paragraphs 1-25 above as if fully set forth herein.

27. Denied.

In response to Plaintiff's Prayers for Relief, Defendant denies that Plaintiff is entitled to any relief of any kind whatsoever.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed with prejudice and Defendant be awarded costs of defense, including reasonable attorney's fees, and any such relief as this Court deems just and appropriate.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

5

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## THIRD DEFENSE

Pursuant to M.G.L. c.231, § 85K, Plaintiff's claims for relief are subject to a statutory limit on damages.

## FOURTH DEFENSE

Plaintiff has failed to mitigate her damages.

## FIFTH DEFENSE

Plaintiff has failed to satisfy the statutory, procedural, or administrative prerequisites to her claims.

## SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff's employment was terminable at the will of either party, with or without cause.

## SEVENTH DEFENSE

Plaintiff is not handicapped or subject to a disability within the meaning of the Americans with Disabilities Act.

## EIGHTH DEFENSE

Plaintiff's limitations precluded performance of the essential functions of her employment, with or without reasonable accommodation, within the meaning of the Americans with Disabilities Act.

## NINTH DEFENSE

At all material times, Defendant had a policy prohibiting discrimination, took reasonable and effective measures to prevent discrimination, and Plaintiff failed to avail herself of the Defendant's policy and procedures.

## TENTH DEFENSE

Defendant's actions were conducted in good faith and in furtherance of legitimate business reasons.

## ELEVENTH DEFENSE

Plaintiff did not perform her work in a satisfactory manner.

## TWELFTH DEFENSE

Plaintiff abandoned her job duties.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert additional defenses or limitations on damages upon discovery of facts presently not known.

## JURY DEMAND

Defendants demand a jury trial on all claims so triable.

> WELLESLEY COLLEGE
>
> By its attorneys,
>
> HOLLAND & KNIGHT LLP
>
> /s/ Miriam J. McKendall
> Miriam J. McKendall, P.C. (BBO # 548825)
> Kara M. DelTufo (BBO #659003)
> 10 St. James Avenue
> Boston, MA 02116
> (617) 523-2700

Dated: September 13, 2005